IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PARIS BOYER, | § | |
| | § | No. 170, 2016 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | ID No. 1508023150; 1409003291A; |
| | § | 1409003291C |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 25, 2016
Decided: November 2, 2016
Corrected: November 29, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 2nd day of November 2016, it appears to the Court that:

(1) Defendant-Below/Appellant, Paris Boyer, appeals his sentence of fifteen years at Level Five incarceration on one count of Burglary in the Third Degree.[1] On November 3, 2014 Boyer and a co-defendant were charged by indictment with numerous offenses related to a string of home and auto break-ins. Some of the charges were resolved by jury verdicts of guilty, some by jury verdicts of not guilty, some by Boyer's plea of guilty, and some by dismissal by the State. On one of the charges, a Burglary in the Third Degree charge, Boyer was sentenced to fifteen years

---

[1] 11 *Del. C.* § 841.

at level five as an habitual offender. He makes one claim on appeal. He contends that the trial court abused its discretion when it sentenced him with a closed mind to fifteen years of incarceration for Burglary in the Third Degree.

(2) Boyer was sentenced on March 18, 2016. At the sentencing, the court heard from Boyer's father who discussed Boyer's difficult upbringing and asked the court to consider Boyer's unfortunate past when determining his sentence. Boyer's mother chose not to speak at his sentencing, but submitted a letter for the court's consideration. The court inquired about the proportionality of the sentences as between Boyer and his co-defendant. The State acknowledged that Boyer's co-defendant committed comparatively worse crimes, as he possessed a gun during the commission of those crimes. Boyer emphasized the differences in the crimes committed by himself and his co-defendant. However, the State argued that unlike the co-defendant, Boyer had an adult criminal record. Additionally, the State argued that Boyer was habitual eligible and had a number of adult felonies, which made his sentence appropriate.

(3) Boyer was then sentenced as a habitual offender to fifteen years at Level V, with credit for time served, for Burglary in the Third Degree. For his remaining convictions, he was sentenced to a total of eighteen years plus thirty days at Level V,

2

all of which was suspended for one year at Level IV work release, followed by one year at Level III supervision. This appeal followed.

(4) This Court will review "the sentencing of a defendant in a criminal case under an abuse of discretion standard."[2] "An abuse of discretion occurs when a court has exceeded the bounds of reason in view of the circumstances, or so ignored recognized rules of law or practice to produce injustice."[3]

> Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature. Thus, in reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicia of reliability. In reviewing a sentence within the statutory guidelines, this Court will not find error unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[4]

In determining whether a judge sentenced a defendant with a "closed mind" the reviewing court looks to whether the sentence was based on "preconceived bias without consideration of the nature of the offense or the character of the defendant."[5]

(5) Boyer's claim is without merit. In this case, the Superior Court sentenced Boyer within the statutory limits. The court granted the State's request to declare

---

[2] *Fink v. State*, 817 A.2d 781, 790 (Del. 2002).
[3] *Culp v. State*, 766 A.2d 486, 489 (Del. 2001).
[4] *Fink*, 817 A.2d at 790.
[5] *Ellerbe v. State*, 2000 WL 949625, at *1 (Del. May 11, 2000).

Boyer a habitual offender. Due to his status as a habitual offender, Boyer faced a sentence of up to life imprisonment. Therefore, Boyer's sentence was well within the statutory maximum.

(6) Additionally, the Superior Court did not sentence Boyer with a closed mind, as it considered a number of factors when determining his sentence. The court considered a letter written by Boyer's mother, testimony from his father, Boyer's co-defendant's sentence, Boyer's aggravators and mitigators, his criminal history, and his lack of amenability to lesser sanctions. At Boyer's sentencing the court stated that "[t]he aggravating factors in the case are significant: The custody status at the time of the offense, the fact that this is repetitive criminal conduct, the lack of amenability to lesser sanctions, and the fact he is a statutory habitual offender."[6] The court also addressed Boyer's mitigating factors such as his lack of a stable home, cooperation with the Connections Support Program, and his academic pursuits and successes. However, the court found that at Boyer's current age of twenty-six, he had "an arrest record of 40 arrests, 415 charges including the instant offenses . . . [which] is a lot more significant th[an] what we [would] expect from a 26-year-old person."[7] Ultimately, the court found that Boyer's record "indicates someone who is highly

---

[6] App. to Appellee's Answering Br. at B152.
[7] *Id.* at B157-58.

4

likely to re-offend," and therefore, found that "the aggravating factors [were] more persuasive then the mitigating ones."[8]  The court then sentenced Boyer to fifteen years at Level V Supervision.  Accordingly, the Superior Court did not abuse its discretion in sentencing Boyer.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[8] *Id.* at B158.